

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2008

# Alfonso Wiggins v. United Food and Comm

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2328

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Alfonso Wiggins v. United Food and Comm" (2008). *2008 Decisions.* Paper 103.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/103

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2328
_____

ALFONSO GREEN WIGGINS,
AS AN INDIVIDUAL MEMBER OF UNITED FOOD
AND COMMERCIAL WORKERS UNION, LOCAL #56,
Appellant

v.

UNITED FOOD AND COMMERCIAL WORKERS UNION
LOCAL #56; ANTHONY R. CINAGLIA, PRESIDENT;
JACK SWIFT, BUSINESS REPRESENTATIVE; HEINZ
NORTH AMERICA; WILLIAM H. MCNEECE, PLANT MANAGER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 04-CV-03797)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 15, 2008
Before:  SLOVITER, AMBRO AND STAPLETON, Circuit Judges

(Opinion filed December16, 2008 )
_____

OPINION
_____

PER CURIAM

Alfonso Green Wiggins appeals from orders entered by the United States District Court for the District of New Jersey, granting defendants' motions for summary judgment. For the reasons that follow, we will affirm the District Court's judgment.

Wiggins filed a complaint against his union, United Food and Commercial Workers Union, Local #56 ("the Union"); the union's president, Anthony R. Cinaglia; the union's business representative, Jack Swift; his employer, Heinz North America; and its plant manager, William H. McNeece. Wiggins claimed that defendants violated his rights under sections 101(a)(1), 101(a)(2), and 501 of the Labor-Management Reporting and Disclosure Act ("LMRDA") [29 U.S.C. §§ 411(a)(1), 411(a)(2), and 501]. Wiggins claimed his rights were violated when the union held a meeting and the majority of union members present voted for a two-year extension to the union's collective bargaining agreement (CBA) with Heinz. Wiggins, who did not attend the meeting, claimed he did not receive adequate notice. He filed a claim with the National Labor Relations Board ("NLRB") on May 17, 2002. In a July 25, 2002 decision, the NLRB refused to issue a complaint against the union, and the NLRB's office of the General Counsel denied Wiggins' appeal on October 31, 2002. Wiggins filed his federal complaint on August 9, 2004.

The District Court held that Wiggins' complaint was untimely, and further held that his claims were barred by his failure to exhaust internal union remedies and, in the alternative, that the claims were without merit.

We agree that even assuming, arguendo, that Wiggins' complaint was timely, and that exhaustion of union remedies was not required, his complaint lacks merit. Wiggins complained that he was denied his right to vote on the two-year extension of the CBA. However, Wiggins had no statutory right to vote on the extension, and no such right was provided in the constitution, bylaws or rules and regulations of the union. Confederated Independent Unions v. Rockwell-Standard Co., 465 F.2d 1137, 1140 (3d Cir. 1972). Therefore, Wiggins' claims that his equal rights were violated or that he was not allowed to express his views and opinions are irrelevant. Further, Wiggins cannot show that he was discriminated against in any manner, as the meeting notice was posted, all union members were welcome to attend, and he was not prevented from attending the meeting in any way.

In his opening brief, Wiggins did not address his claims of breach of fiduciary duty under LMRDA § 501, nor the District Court's holding that an employee may not state a cause of action under sections 101(a)(1), 101(a)(2) and 501 against his employers. Those issues are therefore waived. F.D.I.C. v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000). We further find no record support for Wiggins' claim that Appellees perpetrated a fraud on the Court.

For the foregoing reasons, we will affirm the judgment of the District Court.